# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Susan Iliff; Betty Lees; Linda Cobb; Nancy Lawrence; Patricia Johnson; Gwenneth Larson; Patricia Noel; Sharifah Doyle-El; and HOME Line, a Minnesota Nonprofit Corporation, on behalf of themselves and all others similarly situated,

         Plaintiffs,

vs.

Dominium Management Services, LLC; St. Anthony Leased Housing Development II, LLC; St. Anthony Leased Housing Associates II, Limited Partnership; St. Anthony Leased Housing Associates II, LLC; Coon Rapids Leased Housing Development IV, LLC; Coon Rapids Leased Housing Associates IV, LLLP; Coon Rapids Leased Housing Associates IV, LLC; St. Paul Leased Housing Development VI, LLC; St. Paul Leased Housing Associates VI, LLLP; St. Paul Leased Housing Associates VI, LLC; Crystal Leased Housing Development I, LLC; Crystal Leased Housing Associates I, LLLP; Crystal Leased Housing Associates I, LLC; Cottage Grove Leased Housing Development I, LLC; Cottage Grove Leased Housing Associates I, LLLP; Cottage Grove Leased Housing Associates I, LLC; Woodbury Leased Housing Development II, LLC; Woodbury Leased Housing Associates II, LLLP; Woodbury Leased Housing Associates II, LLC; Minneapolis Leased Housing Development IX, LLC;

Case No.: 0:21-cv-00649-MJD/TNL

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' PURPORTED CLASS ACTION COMPLAINT**

Minneapolis Leased Housing Associates
IX, LLLP; Minneapolis Leased Housing
Associates IX, LLC; Minneapolis Leased
Housing Development IV, LLC;
Minneapolis Leased Housing Associates
IV, Limited Partnership; Minneapolis
Leased Housing Associates IV, LLC; St.
Paul Leased Housing Development IX,
LLC; St. Paul Leased Housing Associates
IX, LLLP; St. Paul Leased Housing
Associates IX, LLC; St. Paul Leased
Housing Development X, LLC; St. Paul
Leased Housing Associates X, LLLP; St.
Paul Leased Housing Associates X, LLC;
St. Paul Leased Housing Development
VIII, LLC; St. Paul Leased Housing
Associates VIII, LLLP; St. Paul Leased
Housing Associates VIII, LLC; Champlin
Leased Housing Development IV, LLC;
Champlin Leased Housing Associates IV,
LLLP; Champlin Leased Housing
Associates IV, LLC; Columbia Heights
Leased Housing Development III, LLC;
Columbia Heights Leased Housing
Associates III, LLLP; Columbia Heights
Leased Housing Associates III, LLC;
Lexington Leased Housing Development
I, LLC; Lexington Leased Housing
Associates I, LLLP; Lexington Leased
Housing Associates I, LLC; Blaine
Leased Housing Development III, LLC;
Blaine Leased Housing Associates III,
LLLP; Blaine Leased Housing Associates
III, LLC; Spring Lake Park Leased
Housing Development I, LLC; Spring
Lake Park Leased Housing Associates I,
LLLP; Spring Lake Park Leased Housing
Associates I, LLC; Minnetonka Leased
Housing Development II, LLC;
Minnetonka Leased Housing Associates
II, LLLP; Minnetonka Leased Housing
Associates II, LLC; St. Cloud Leased
Housing Development III, LLC; St.

Cloud Leased Housing Associates III,
LLLP; St. Cloud Leased Housing
Associates III, LLC; Dominium
Development & Acquisition, LLC;
Dominium, Inc., Dominium Holdings I,
LLC; and Dominium Holdings II, LLC,

                                    Defendants.

_____

Defendants submit this Memorandum of Law in Support of their Motion to Dismiss

Plaintiffs' purported Class Action Complaint (the "Complaint").

## INTRODUCTION

Plaintiffs are tenants in affordable housing developments who claim they have a

*right* to free parking and assert Minnesota statutory and common law claims alleging

Defendants have unlawfully deprived them of that *right*.  However, Plaintiffs' pleaded

allegations fail to establish the source from which they themselves would have such an

alleged right—it does not exist by right of contract under the common law and is not

granted to them by federal statute as they have alleged and claimed in their Complaint.

Notwithstanding the fact that Plaintiffs readily admit that they agreed to pay for

parking in their leases, Plaintiffs nevertheless claim Defendants deprived them of the right

to free parking by making misrepresentations to federal and state regulators charged with

enforcement of the Low Income Housing Tax Credit Program, 26 U.S.C. § 42 of the

Internal Revenue Code.  Plaintiffs' allegations are false.  But more to the point, the Low

Income Housing Tax Credit Program does not give rise to any rights or private causes of

action on the part of the Plaintiffs.  Therefore, even if true, any alleged violations of the

Low Income Housing Tax Credit Program fail to state the basis for a claim because Plaintiffs do not have a private right to claim free parking under that federal statute.

Finally, even apart from the above, Plaintiffs' allegations fail to state a claim as to any of the three causes of action asserted in their Complaint. Plaintiffs' counts for alleged violations of the Minnesota Prevention of Consumer Fraud Act and the Minnesota Uniform Deceptive Trade Practice Act fail to state a claim upon which relief can be granted because, *inter alia*, Plaintiffs have not pled – and cannot plead – with particularity any facts that Defendants made misrepresentations to Plaintiffs as required to establish the basis for these statutory claims. Further, Plaintiffs' equitable claim for unjust enrichment fails as a matter of law because the Plaintiffs have legal rights and remedies available under their contractual leases with Defendant Dominium Management Services, LLC, and equitable relief cannot be granted where the parties' rights and remedies are governed by contract.

For each of these reasons, Defendants' Motion to Dismiss should be granted in its entirety.

## FACTS AS ALLEGED IN THE COMPLAINT[1]

Plaintiffs' Complaint alleges each of the Plaintiffs are individuals who rent affordable housing pursuant to lease agreements with Defendant Dominium Management Services, LLC, and that Plaintiffs pay for monthly parking pursuant to the terms of those leases. Notwithstanding their contractual agreement under those leases, Plaintiffs allege

---

[1] Defendants do not concede the truth or accuracy of the facts alleged by Plaintiffs. However, for purposes of this Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the facts alleged in the Complaint must be taken as true. *Hamm v. Groose*, 15 F.3d 110, 112 (8th Cir. 1994); *Ossman v. Diana Corp.*, 825 F.Supp. 870, 879–80 (D. Minn. 1993).

they are actually entitled to receive free parking. However, they fail to allege facts that establish that they have a contractual or statutory right to free parking based upon alleged violations of the Federal Low Income Housing Tax Credit Program and have otherwise failed to allege facts sufficient to support their pleaded claims. Therefore, Plaintiffs have failed to allege a basis upon which relief may be granted under the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. § 325F.68 (Count One) or the Minnesota Uniform Deceptive Trade Practices Act (Count Two) for the alleged deprivation of a right to free parking, or for equitable relief in the form of unjust enrichment (Count Three) that could exist in light of their contractual agreement to pay monthly parking charges pursuant to the terms of the Plaintiffs' leases.

## I.  THE PARTIES.

Plaintiffs characterize the fifty-eight named Defendants as a monolithic "constellation of affiliated companies owned and/or controlled by a common enterprise and operated by the same individuals[.]" Dkt. 1-1, Ex. A at ¶2. And with that pronouncement, Plaintiffs purport to shed themselves of the obligation to plead specific facts regarding the actions of each of the Defendants by thereafter referring to all of the fifty-eight named Defendants collectively as "Dominium." *Id.*[2]

According to Plaintiffs, "Dominium is one of the largest developers and providers of low-income housing in the country." *Id.* Many of Dominium's tenants are senior

---

[2] In paragraph 21, Plaintiffs vaguely allege the "Dominium entities operate as a common enterprise" and "Defendants function as alter egos of one another" based on outlandish assertions that lack any level of specificity and are made solely "upon information and belief." *See* Dkt. 1-1, Ex. A. at ¶ 21.

citizens and Dominium promotes the availability of underground parking to senior citizens living in Minnesota. *See id.*

Plaintiffs identify eighteen different "Minnesota affordable housing properties that (Dominium) developed, owns, and manages[.]" *Id.* at ¶9. The individual Plaintiffs reside at four of the eighteen identified properties; namely, the River North complex in Coon Rapids, the Legends at Silver Lake Village complex in St. Anthony, the Legends of Champlin complex in Champlin and the 1500 Nicollet complex in Minneapolis. *See id.* at ¶11 – 18.[3]

Each of the individual Plaintiffs is a party to a lease agreement with Dominium Management Services, LLC. *See id.* at ¶81, ¶141 - ¶148. Plaintiffs do not allege they have had any interaction, communications, or contact whatsoever with any of the other fifty-seven named Defendants they have sued. *See id.* at ¶¶1 - 186.

By entering into their respective leases, each of the individual Plaintiffs agreed, as an express term of their written contract, to pay a charge for monthly parking, ranging between $75/month to $145/month. *See id.* at ¶11 – 18. Plaintiffs allege Dominium's standard lease addendum also provides that "[t]he premises are to be operated in accordance with the requirements of the low-income housing credit program under Section 42 of the Internal Revenue Code of 1986, as amended (the 'Program')." *Id.* at ¶120.

---

[3] In addition to the individual named Plaintiffs, the Complaint also includes a non-profit Plaintiff, HOME Line, which "operates a hotline for tenants to address rental housing problems." *Id.* at ¶19.

## II.    THE LOW INCOME HOUSING TAX CREDIT PROGRAM.

Plaintiffs allege Dominium's business model depends, at least in part, on low income housing tax credits ("LIHTC") to help finance the development or acquisition of low income housing. *Id.* at ¶3. The LIHTC program, established as part of the Tax Reform Act of 1986, encourages private investment in affordable housing and "has financed approximately 50,000 housing units annually" since 2010. *Id.* at ¶86 and ¶88.

"LIHTC are federal income tax credits awarded to developers by state and local 'allocator' agencies ('Allocators'), in a process pursuant to Section 42 of the Internal Revenue Code and requirements established by the Internal Revenue Services." *Id.* at ¶4. "The LIHTC program is *jointly administered by the IRS and the Allocators* – typically state or local housing finance agencies such as the Minnesota Housing Finance Agency." *Id.* at ¶89 (emphasis added). "Each state receives an annual LIHTC allocation based on population. *Subject to federal guidelines, Allocators then set their own priorities* for allocating LIHTC by issuing a Qualified Allocation Plan ('QAP')." *Id.* at ¶90 (emphasis added).

"Affordable housing *developers apply to Allocators* for LIHTC by preparing and *submitting a detailed application*. LIHTC may be used for projects constructing new affordable housing developments or acquiring and rehabilitating existing properties for affordable housing." *Id.* at ¶91 (emphasis added). "Though LIHTC are claimable for a period of ten years, a portion may be recaptured if the project does not comply for fifteen years." *Id.* ¶95.

"Generally speaking, the amount of LIHTC awarded depends on a project's 'eligible basis.' The eligible basis includes depreciable costs for the portion of the housing to be dedicated to affordable housing." *Id.* at ¶93.

## III. CALCULATION OF "ELIGIBLE BASIS" AND PARKING COSTS IN THE LOW INCOME HOUSING TAX CREDIT PROGRAM.

Plaintiffs' entire lawsuit centers around their claim that they are entitled to free parking under the Low Income Housing Tax Credit Program because of Dominium's alleged misrepresentations regarding its calculation of its "eligible basis" as it pertains to federal tax credits associated with the construction and rehabilitation of parking at the developments. *See e.g.*, Dkt. 1-1, Ex. A.

"The amount of LIHTC available to an applicant selected by the Allocator to receive LIHTC is based primarily on a project's 'eligible basis,' which is the amount spent for constructing or acquiring and rehabilitating low-income housing. The higher the eligible basis, the more LIHTC a project may be awarded The eligible basis is generally calculated using costs associated with acquisition, construction and/or rehabilitation, including eligible 'soft' costs." *Id.* at ¶5.

Plaintiffs allege parking costs are factored into the determination of "eligible basis" of the Low Income Housing Tax Credit Program as follows:

When it comes to construction or acquisition costs associated with parking spaces or structures in Minnesota, LIHTC applicants have a simple but unavoidable choice (*see* 26 U.S.C. §42(d)(4)(B) and applicable law):

a. **exclude parking costs** from eligible basis, in which case tenants **may** be separately charged for parking; or

b.  **include parking costs** in the eligible basis, in which case tenants **may not** be separately charged for parking.

*Id.* at ¶6.

> Developers must choose one option or the other.  They cannot "double dip" when financing parking costs.  A developer may receive LIHTC to subsidize construction, acquisition, or rehabilitation of parking structures that will be made available for tenant use as part of their base rent.  Alternatively, developers may forgo receiving LIHTC subsidies for parking improvements and charge tenants separately for parking.  Thus, a developer may choose to finance its parking costs with either LIHTC or separate tenant charges – but not both.

*Id.* at ¶7.

## IV.  DOMINIUM'S ALLEGED MISREPRESENTATIONS.

Plaintiffs assert that Dominium has made two categories of misrepresentations regarding the calculation of eligible basis and costs associated with parking: first, alleged misrepresentations to the governmental regulators; and second, alleged misrepresentations to the Plaintiffs.

With respect to the *alleged misrepresentations to the government*, Plaintiffs assert:

> Dominium's fraud begins with the LIHTC application process, where it intentionally misrepresents its development costs to the Minnesota Housing Financing Agency in order to maximize the LIHTC award it received for a given project[.]  *Id.* at ¶113.

> Dominium intentionally engages in cost-shifting in the application process.  Dominium knowingly misrepresents the cost of developing parking by shifting the vast majority of its actual parking development and construction costs in to eligible basis.  *Id.* at ¶114.

> . . . Dominium states that it is excluding its parking costs from its eligible basis on its LIHTC application, but it actually fraudulently shifts the vast majority of its parking costs into eligible basis – thereby receiving inflated LIHTC[.]  *Id.* at ¶117.

Dominium deliberately misrepresented its parking costs to Minnesota Housing Finance Agency by underreporting its parking costs by orders of magnitude. *Id.* at ¶121.[4]

With respect to the *alleged misrepresentations to the individual Plaintiffs*, Plaintiffs assert: "Dominium covenanted" to Plaintiffs in their lease agreements that it was operating in accordance with the requirements of the low-income housing tax credit program, "[b]ut that covenant was an intentional misrepresentation of material fact" because Dominium charged for parking while obtaining LIHTC for a majority of the parking costs. *Id.* at ¶¶ 141 - 148.

## V. CLAIMS ASSERTED BY PLAINTIFFS IN THE COMPLAINT.

In the Complaint, Plaintiffs assert three causes of action against all of the Defendants.

In Count I, Plaintiffs allege that Dominium violated the Minnesota Prevention of Consumer Fraud Act "[b]y intentionally and systematically misrepresenting its parking-related costs in LIHTC applications in order to charge tenants for parking while obtaining tax credits[,]" and that "[a]s a result of Defendants' fraudulent misrepresentations and omissions to the Allocators and affected tenants, Plaintiffs and other class members suffered damages." *Id.* ¶ 164 and ¶ 171.

In Count II, Plaintiffs allege that Dominium violated the Minnesota Deceptive Trade Practices Act by "knowingly, intentionally, and maliciously mis(leading) Plaintiffs and

---

[4] Despite boldly claiming that "Dominium has pervasively engaged in this fraudulent and deceptive conduct at every property at issue in this action," Plaintiffs only make specific allegations with respect to one project – River North. *Id.* at ¶ 122.

class members into believing they could lawfully charge additional rent for parking[.]" *Id.* at ¶176.

In Count III, Plaintiffs allege that Dominium has been unjustly enriched at their expense because "[h]ad Defendants not deceived Plaintiffs and class members, Plaintiffs and class members would not have paid additional rent for parking[.]" *Id.* at ¶ 183.

## ARGUMENT

Plaintiffs' two Minnesota statutory claims and their unjust enrichment claim are based on the underlying allegation that Defendants deprived Plaintiffs a right to free parking under federal law by failing to comply with the Low Income Housing Tax Credit Program, 26 U.S.C. § 42 of the Internal Revenue Code.  However, they fail to allege facts that establish that they have a right to free parking under this federal tax credit program and otherwise fail to allege facts sufficient to support their pleaded claims.  Therefore, Plaintiffs have failed to allege a basis upon which relief may be granted, and Dominium's Motion to Dismiss should be granted in its entirety.

## I.    LEGAL STANDARD.

Dismissal for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) is warranted when the allegations in the complaint, even taken as true, fail to state a viable cause of action. *See Blankenship. v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010); *see also Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001), *as corrected* (Mar. 27, 2001), *as corrected* (May 1, 2001) ("dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and

deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity").

When considering a motion to dismiss, courts must "consider the complaint in its entirety." *Freedman v. Saint Jude Medical, Inc.*, 4 F. Supp. 3d 1101, 1110 (D. Minn. 2014)(quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis of the grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).

Thus, it is "[t]he well-pleaded facts alleged in the complaint, not the legal theories of recovery or legal conclusions identified therein, [that] must be viewed to determine whether the pleading party provided the necessary notice and thereby stated a claim in the manner contemplated by the federal rules." *Id.* (quoting *Parkhill v. Minn. Mut. Life Ins. Co.*, 286 F.3d 1051, 1057-58 (8th Cir. 2002)); *see also Quinn-Hunt v. Bennett Enter., Inc.*, 122 Fed. Appx. 205, 207 (6th Cir. 2005)("The failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of the claim. Factual allegations alone are what matters.")

**II. PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED BECAUSE THEY CANNOT PLEAD FACTS TO SHOW THEY ARE ENTITLED TO FREE PARKING AS A MATTER OF CONTRACT OR STATUTE BASED UPON ALLEGED VIOLATIONS OF THE LOW INCOME HOUSING TAX CREDIT PROGRAM.**

Plaintiffs entire lawsuit is based upon the assertion that they have a *right* to free parking under federal law and that Defendants have unlawfully deprived them of that *right* by virtue of alleged violations of the Low Income Housing Tax Credit Program. *See generally* Dkt. 1-1, Ex. A. Plaintiffs' Complaint should be dismissed because they cannot plead facts sufficient to show they are entitled to free parking as a matter of contract or federal statute.

As acknowledged by Plaintiffs, each of the individual Plaintiffs is a party to a lease agreement with Dominium Management Services, LLC. Dkt. 1-1, Ex. A at ¶81, ¶141 - ¶148. By entering into their respective leases, each of the individual Plaintiffs agreed, as an express term of their written contract, to pay a charge for monthly parking, ranging between $75/month to $145/month. *See id.* at ¶11 – 18. As such, the Plaintiffs cannot plead facts sufficient to show they are entitled to free parking as a matter of contract.

Moreover, while Plaintiffs claim that Defendants allegedly deprived them of the right to free parking by making misrepresentation to federal and state regulators charged with enforcement of the federal Low Income Housing Tax Credit Program, Plaintiffs cannot plead facts to show they are entitled to free parking under this federal tax credit program. Courts across the country have recognized that the Low Income Housing Credit Program, 26 U.S.C. § 42 of the Internal Revenue Code, *does not* confer individual rights and does not provide private causes of action. *See Mendoza v. Frenchman Hill Apartments*

*Ltd. Partnership*, No. CV-03-494-RHW, 2005 WL 6581642 at *6 (E.D. Wash. Jan. 20, 2005) (establishing that "No individual enforceable rights exists under section 42."); *see also Lara v. Moghraby,* No. 8-:19-cv-2798-T-60SPF, 2020 WL 475283 at *1 (M.D. Fla. Jan. 6, 2020) (holding that "The Low Income Housing Tax Credit Program…does not provide a private right of action."); *Canton Club E. Partners Ltd. Divided Hous. Ass'n Ltd. P'ship v. Michigan State Hous. Dev. Auth.*, No. 1:15-CV-505, 2015 WL 7783590, at *3 (W.D. Mich. Dec. 3, 2015) (dismissing § 42 claim made under § 1983) *Kozich v. Deibert*, No. 15-61386-CIV-DIMITROULEAS, 2015 WL 12533077 at 3 (S.D. Fla. Oct. 20, 2015) (dismissing claim as plaintiff "does not assert a viable claim for relief based on a claimed violation of 26 U.S.C. § 42").  As such, even if Defendants somehow violated the federal Low Income Housing Tax Credit Program – an allegation they vehemently deny – any such alleged violation of federal law does not confer a right or a cause of action for Plaintiffs to receive free parking.[5]

Plaintiffs do not have any enforceable contractual right to free parking under their leases with Defendant Dominium Management Services, LLC and the alleged violation of the federal Low Income Housing Tax Credit Program does not give Plaintiffs a right to or

---

[5]The regulatory and enforcement authority resides solely with the IRS and the Allocators to ensure a taxpayer/developer's compliance with 26 U.S.C. §42. *See DeHarder Inv. Corp. v. Indiana Housing Finance Authority*, 909 F. Supp. 606, 614-616 (S.D. Ind. 1995) (dismissing § 42 claim and holding that enforcement of the section was for the allocators and IRS, not the courts).  As such, any alleged violation of the Low Income Housing Credit Program, 26 U.S.C. § 42 of the Internal Revenue Code, is a matter for the Minnesota Housing Finance Agency (the agency that reviews and approves applications for low income housing tax credits) and the Internal Revenue Service (the agency that has the auditing power to strip developers of their tax credits or prosecute developers for violations of the same) to address.

a cause of action against Defendants for free parking. As such, Plaintiffs' Complaint should be dismissed.

## III. PLAINTIFFS' MINNESOTA STATUTORY CLAIMS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND SHOULD BE DISMISSED.

In Count I of the Complaint, Plaintiffs allege that Dominium violated the Minnesota Prevention of Consumer Fraud Act and in Count II of the Complaint, Plaintiffs allege that Dominium violated the Minnesota Uniform Deceptive Trade Practices Act by "*intentionally and systematically misrepresenting* its parking related costs in LIHTC applications." *See, e.g.*, Dkt. 1-1, Ex. A at ¶ 164. Plaintiffs' Minnesota statutory claims fail to state a claim upon which relief can be granted and should be dismissed.

### A. Plaintiffs Have Not Pled and Cannot Plead With The Requisite Particularity.

Because Plaintiffs are alleging statutory violations by virtue of intentional misrepresentations, they are required to plead statutory consumer protection claims under the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. § 325F.68, and Minnesota Uniform Deceptive Trade Practices Act, with particularity. *See Baker v. Best Buy Stores, LP*, 812 N.W.2d 177 (Minn. Ct. App. 2012)(holding that when a party pleads a fraud claim under the consumer protection statutes it must be stated with particularity); *see also Select Comfort Corp v. Sleep Better Store, LLC*, 796 F. Supp. 2d 981 (D. Minn. 2011) (applying Rule 9(b) to claims brought under the Minnesota Uniform Deceptive Trade Practices Act, Minnesota Unlawful Trade Practices Act and the Minnesota Consumer Fraud Act).

Where, as here, the "the gravamen of the complaint is fraud[,]" the particularity requirements of Fed. R. Civ. P. 9(b) applies, "[n]otwithstanding the relative breadth of the consumer protection statutes[.]" *Tuttle v. Lorillard Tobacco Co.*, 118 F. Supp. 2d 954, 963 (D. Minn. 2000) (citing *Marvin Lumber v. PPG Indus., Inc.*, Civil No. 3-94-545 (D. Minn. Mar. 17, 1995) and *United States v. Napco, Int', Inc.*, 835 F. Supp. 493, 495 (D. Minn. 1993)). The particularity requirement of Rule 9 is meant to curtail lawsuits filed for the purposes of fishing for evidence of unknown wrongs. *See e.g.*, *Parnes v. Gateway 2000*, Inc., 122 F.3d 539, 549 (8th Cir. 1997). To satisfy the particularity requirement, the plaintiffs must plead facts for each defendant asserting the "who, what, where, when, and how" of the alleged fraud "to enable the defendant to respond specifically and quickly to the potentially damaging allegations." *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009) (internal citation and quotation omitted).

Moreover, in addition to pleading the facts with particularity, Plaintiffs must plead particular facts as to the actions of each of the Defendants. When alleging fraud based claims, a party cannot lump defendants together in a "group pleading fashion[.]" *See Streambend Properties II, LLC v. Ivy Tower Minneapolis*, LLC, 781 F.3d 1003, 1013 (8th Cir. 2015). "Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of [its] alleged participation in the fraud." *Id.* (quoting *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987).[6]

---

[6]Minnesota state courts apply the same rule. *See Dick Whitbeck v. David Webb, Webb Entertainment*, Nos. C5-94-2627, C7-95-758, C9-95-650, 1995 WL 536430 at *3 (Minn.

Here, Plaintiffs have not pled – and cannot plead – their Minnesota statutory claims with the requisite particularity.  All of Dominium's alleged misrepresentations (except for the one allegedly made by Dominium Management Services, LLC to the Plaintiffs in the lease contract) were made to governmental agencies as part of the LIHTC application process.  *See, e.g.* Dkt. 1-1, Ex. A at ¶113, ¶114, ¶117 and ¶121.  Moreover, even if Dominium made these alleged misrepresentations – which it did not – such alleged misrepresentations would be an issue for the Minnesota Housing Finance Agency and the IRS, not the Plaintiffs.  *See supra* at p. 14, n.1.

Plaintiffs have not even come close to pleading their factual contentions with requisite particularity as they have lumped all fifty-eight defendants together as "Dominium" and then proceeded to make allegations regarding "Dominium's" allegedly fraudulent conduct.  *See, e.g.* Dkt. 1-1, Ex. A at ¶113, ¶114, ¶117, ¶121, ¶141 - ¶148. Plaintiffs do not allege they have had any interaction, communications, or contact whatsoever with any of the fifty-eight named Defendants they have sued except for Dominium Management Services, LLC.  *See id.* at ¶¶ 1 - 186.  Indeed, the only allegations Plaintiffs have made as to Dominium Management Services, LLC relates to Dominium Management Services, LLC's leases with the Plaintiffs in which the Plaintiffs have contractually agreed to pay for parking.  *See id.* at ¶81, ¶141 - ¶148.

Ct. App. 1995) (holding that "[a] [] claim involving multiple defendants requires that each defendant be identified and their role in the fraud pleaded with sufficient particularity to allow defendants to prepare responsive pleadings.")

Finally, while asserting that Dominium has engaged in some wide and far reaching fraud in its LIHTC applications to the Minnesota Housing Financing Agency and claiming that "Dominium has pervasively engaged in this fraudulent and deceptive conduct at every property at issue in this action," Plaintiffs only attach the application for the River North project to their Complaint. *See id.* at ¶ 122 and Ex. B. This *one* application for *one* development project, involving *three* Defendants is supposed to be "demonstrative" of the alleged fraud and misrepresentation of **all** *fifty-eight* Defendants. *See id.* at ¶¶ 94, 113, 122, 141, 142, 144-146. Plaintiffs fail to plead any facts – let alone specific facts as to the "who, what, where, when, and how" – as to any of the other Defendants and how they purportedly misrepresented their parking construction costs in order to obtain low income housing tax credits. *See e.g.,* Dkt. 1-1, Exhibit A.

Plaintiffs' lawsuit is clearly nothing more than an improper fishing expedition, Plaintiffs have failed to allege fraud with particularity and Count I and Count II of the Complaint should be dismissed.

B.   **The Only Alleged Misrepresentation Made Directly to Plaintiffs Was Made By Dominium Management Services, LLC as Part of the Lease Contracts.**

It is well-established under Minnesota law that "[a] contract claim cannot be converted into a fraud claim, even when there is a bad faith breach of contract." *Northwest Airlines, Inc. v. Astraea Aviation Services, Inc.*, 111 F.3d 1386, 1393 (8th Cir. 1997) (citing *Wild v. Rarig*, 234 N.W.2d 775, 790 (Minn. 1975)). "Minnesota law does not recognize an independent tort for conduct that merely constitutes a breach of contract." *Ransom v. VFS, Inc.*, 918 F. Supp. 2d 888, 896 n.6 (D. Minn. 2013) (quoting *First Integrity Bank,*

*N.A. v. Ohio Cas. Ins. Co.*, Civ. No. 05–2761, 2006 WL 1371674, at *6 (D. Minn. May 15, 2006); *see also UFE, Inc. v. Methode Electronics, Inc.*, 808 F. Supp. 1407, 1410 (D. Minn. 1992). "Therefore, if actions at the heart of a tort claim are identical to those which constitute a breach of contract, no separate tort cause of action exists." *Ransom*, 918 F. Supp. 2d at 896 n.6.

Here, the only alleged misrepresentation made directly to Plaintiffs was made by Dominium Management Services, LLC as part of the Plaintiffs' lease contract. *See* Dkt. 1-1, Ex. A., at ¶81, ¶141 - ¶148.[7] Plaintiffs assert that "Dominium covenanted" to Plaintiffs in their lease agreements that it was operating in accordance with the requirements of the low-income housing tax credit program, "[b]ut that covenant was an intentional misrepresentation of material fact" because Dominium charged for parking while obtaining LIHTC for a majority of the parking costs. *See id.* at ¶141 - ¶148. Even if the covenant in the lease wasn't true – which, again, Defendants vehemently deny – breach of contract is not fraud and Count I and Count II of the Complaint should be dismissed.

---

[7]In an apparent acknowledgement that "Dominium" did not make any affirmative misrepresentations to Plaintiffs other than that allegedly set forth in the leases, Plaintiffs claim that Dominium committed fraud by omission by failing to disclose "its fraud and deception to tenants." *See* Dkt. 1-1, Ex. A. at ¶ 128. Plaintiffs argue that "Dominium's relationships with its tenants and its legal obligations as a provider of affordable housing constitute the type of special circumstances making its omissions fraudulent." *Id.* Claims based on fraudulent nondisclosure must also comply with Rule 9(b)'s particularly requirements. *See Zimmerschied v. JP Mortgage Chase Bank,* 49 F. Supp.3d 583, 597 (D. Minn. 2014). A such, Plaintiffs' claims based on fraudulent nondisclosure fail for all of the same reasons their claims based upon affirmative misrepresentation fail.

IV. **PLAINTIFFS' CLAIM FOR UNJUST ENRICHMENT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND SHOULD BE DISMISSED.**

In Count III of the Complaint, Plaintiffs assert an equitable claim for unjust enrichment alleging that Defendants were "knowingly and unjustly enriched at the expense and detriment of Plaintiffs and class members." Dkt. 1-1, Ex. A at ¶ 185. Plaintiffs' claim for unjust enrichment fails to state a claim upon which relief can be granted and should be dismissed.

Unjust enrichment is an equitable claim. *See Landmark Cmty. Bank, N.A. v. JP Morgan Chase Bank, N.A.*, No. 12-CV-1103, 2012 WL 4511185, at *4 (D. Minn. Oct. 2, 2012) (applying Minnesota law). "[E]quitable relief cannot be granted where the rights of the parties are governed by a valid contract." *U.S. Fire Ins. Co. v. Minn. State Zoological Bd.*, 307 N.W.2d 490, 494 (Minn. 1981) (citation omitted)); *see also, e.g.*, *Landmark Cmty. Bank, N.A.*, 2012 WL 4511185, at *4-*5 (dismissing equitable claims, including promissory estoppel and unjust enrichment, where the parties' rights were governed by a valid contract).

Here, the individual Plaintiffs each allege that they are parties to a lease agreement with Dominium Management Services, LLC whereby they agreed to pay a charge for parking, ranging between $75/month to $145/month. Dkt. 1-1, ¶11 – ¶18, ¶81, ¶141 - ¶148. As such, to the extent Plaintiffs have any cause of action associated with the monthly parking rental charges, this is a claim for breach of contract and the remedy is solely at law and not at equity. Therefore, Plaintiffs' equitable claim for unjust enrichment fails to state a claim upon which relief can be granted and should be dismissed.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request the Court dismiss Plaintiffs' Complaint in its entirety.

Dated: April 12, 2021

WINTHROP & WEINSTINE, P.A.

By: *s/Matthew R. McBride*
Thomas H. Boyd, #0200517
Matthew R. McBride, #0261981
Quin C. Seiler, #0396699
Olivia M. Cooper, #0398322

225 South Sixth Street
Suite 3500
Minneapolis, Minnesota 55402
(612) 604-6400
tboyd@winthrop.com
mmcbride@winthrop.com
qseiler@winthrop.com
ocooper@winthrop.com

***Attorneys for Defendants***

21550668v6